## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

KENNETH J. PACHINGER,                    *

                  Petitioner,    *    CASE NO. 7:06-CV-14 CAR

VS.                         *    28 U.S.C. § 2255

                         *    CASE NO. 7:02-CR-11 CAR

UNITED STATES OF AMERICA,                *

                Respondent.    *

## REPORT AND RECOMMENDATION

_____A multi-count Indictment (R1) was returned on July 24, 2002, against Petitioner and his co-defendant Mark Avery Raines, charging various drug offenses and sexual exploitation of a child against Pachinger.  Raines was tried and convicted by jury in the absence of Pachinger who had absconded at the time. (R87 at 3,4).  Upon his return,  Petitioner Pachinger entered into a Plea Agreement with the Government (R79), pled guilty (R80), and was sentenced on February 11, 2004 (R101), for Distribution of cocaine, heroin, and marijuana to a person under 21 years of age, in violation of 21 U.S.C. § 841(a)(1), § 859(a) as to Count II of the Indictment, and sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) as to Count III.  After his convictions and sentences were affirmed on direct appeal, he applied for and was granted *certiorari* by the United States Supreme Court.  Upon remand to consider Petitioner's sentence under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), the Eleventh Circuit Court of Appeals reconsidered and reinstated Petitioner's sentence on December 6, 2005 (R119).  Pachinger then timely filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. (R123).

**Petitioner's Claims**

Petitioner states as his **Ground One** that:

> MOVANTS CONVICTION AND SENTENCE ARE UNLAWFUL,
> ILLEGAL, AND UNCONSTITUTIONAL, IN VIOLATION OF THE FIFTH
> AND SIXTH AMENDMENTS TO THE CONSTITUTION OF THE
> UNITED STATES OF AMERICA, IN THAT THEY ARE THE RESULT
> OF A GUILTY PLEA THAT WAS NOT TENDERED KNOWINGLY,
> INTELLIGENTLY, NOR VOLUNTARILY.

In support of this Ground, Petitioner Pachinger incorporates by reference his <u>Factual Background of the Case</u> and his <u>Affidavit</u> attached to his Motion.  On pages 5[i], [j], [k], [l], and [m] of his Motion, Petitioner attempts to explain how, and why he believes, his guilty plea was not tendered knowingly, intelligently, nor voluntarily. He states:

> *U.S. v. Brown* ( 117 F.3d 471 (11th Cir. 1997), states that -
> Constitutional principles require that a defendant be informed
> about the critical elements of the charged offense.  A plea is
> involuntary when a defendant has such an incomplete
> understanding of the charge that his plea cannot stand as an
> intelligent admission of guilt.  . . .
>
> Movant was never given "real notice" of the true nature of the
> charge, Movant never understood how his conduct satisfied the
> critical elements of the charges indicted for and neither
> Movant's attorney, the court, or the government ever explained
> them and ensured they were understood.  . . .
>
> During the suppression hearing the court raised the issue sua
> sponte and contended that it was not familiar with the charges,
> specifically the relationship to the commerce clause, a critical
> element, and queried the government as to how it intended to
> prove them. (suppression hearing pages 198- 200).   The
> government never provided a factual basis to satisfy the critical
> elements of counts 3 and 4, none is contained in the plea
> agreement, none was provided at the plea hearing, none was

2

ever provided to Movant and there was never a searching inquiry pertaining to the Movants understanding of the law in relation to the stipulated facts which Movant now understands that majority of which are hearsay.   . . .

There is nothing in the record to show that Movant knowingly, voluntarily, and intelligently plead guilty.  What the record does show is that Movant was coerced by fraud, trickery, and deceit to plead guilty to charges to which Movant was innocent. Defense counsel, the government, and the court knew or were made aware that the charges set forth in the indictment could not be proven nor the jurisdictional prerequisites necessary to sustain the charges.     . . .

Additionally, the district court, counsel for Movant, nor the government informed Movant that the application of the Sentencing Guidelines was mandatory (18 U.S.C. § 3553(b)(1)), and that the court would be required under the mandatory nature of the guidelines to impose enhancements on facts found post-guilty plea, by the trial judge.  Had he known of such mandatory nature of the guidelines, if he entered a plea of guilty he would have negotiated for a specific sentence or would have went to trial and put the government to it's burden of proof.  Because of this fact, the Movant was not aware of consequences of his plea and his due process rights were violated so that his plea must be set aside and he be allowed to plead anew.

Pachinger is contending in his stated Ground One that his guilty plea should be set aside because he had an incomplete understanding of the charges against him, that he was never given real notice of the true nature of the charges, that the government never provided a factual basis to satisfy the critical elements of counts 3 and 4 (sic), that no factual basis was contained in the plea agreement, that nothing in the record shows his plea to be knowingly, voluntarily, and intelligently made, and that he was not informed that the sentencing guidelines were mandatory, resulting in his being unaware of the consequences of his plea.

3

Petitioner's contentions here do not stand up against the record of his case.  At the guilty plea hearing, the court, after inquiring about Petitioner's present state of mind, asked him, "Now you received a copy of the indictment?" Pachinger replied, "Yes, sir", and further stated that he had reviewed it and discussed it with his attorney, that he had also discussed any defenses he may have had to the charges in the indictment, and that he understood what the indictment charged him with.  (Hearing Transcript, R107 at 7, 8).  The court then asked the AUSA to explain the essential offenses charged and give Petitioner a summary of the facts relied upon. (R107 at 8).        The AUSA stated that Mr. Pachinger was pleading guilty to Counts Two and Three of the Indictment, saying further:

> Count Two charges him with distribution of cocaine, heroin, and marijuana to a person under 21 years of age.  The elements of that offense are the defendant, being at least 18 years of age, violated 21 United States Code Section 841(a)(1) by distributing a controlled substance to a person under 21.  In this case, the violation of Section 841(a)(1) is that the defendant did knowingly or intentionally distribute to "CH," a person under 21, cocaine, heroin and marijuana, all controlled substances.
> Count Three charges the defendant with sexual exploitation of a child.  The elements of that offense is that the defendant did employ, use, persuade, induce, entice, or coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct if the visual depiction was produced using materials that had been shipped in interstate commerce.

The AUSA then continued for three more pages of the transcript (R107 at 10, 11, 12) describing the facts of the violations, after which the court asked Petitioner Pachinger, "All right.  Do you understand what the government attorney just said, Mr. Pachinger?"  To which Pachinger answered, "Yes, sir."  He also responded to the court's questions that he had no

4

questions about what had been stated and that what the AUSA had said was "actually the facts stipulated in the plea agreement with the exception of the last statement he just made." (The AUSA had added, "Although it is not indicated in the stipulation of facts, the girl also told the police that Mr. Pachinger had filmed her with the video camera."). The court then asked, "Did you, in fact, do the criminal acts as charged?" Petitioner answered, "Yes, sir." (R107 at 12). Petitioner's contention that no factual basis for the charges was stated to him or that he had no understanding of the charges to which he pled guilty is disingenuous.

Likewise, his contentions that nothing in the record shows his plea to be knowingly, voluntarily, and intelligently made, and that he was not informed that the sentencing guidelines were mandatory, resulting in his being unaware of the consequences of his plea, are contrary to the record.

At his change of plea hearing on September 17, 2003, Petitioner Pachinger, under oath, responding to the court's questions advised that he was not then under the influence of any drug, medication, or alcohol; that the Paxil he took for depression did not effect his ability to think accurately; that his mind was clear; that he knew of no reason why he could not freely, knowingly, and voluntarily enter a plea of guilty at that time; that no one had force him, scared him, or tricked him into pleading guilty; and that he was pleading guilty voluntarily and of his own free will because he was guilty of the crimes he was charged with. (R107 at 5, 6). Pachinger further testified at that time that he understood that he did not have to plead guilty, but could plead not guilty and exercise his right to a jury trial at which he would be presumed innocent with the Government having to prove his guilt beyond a

reasonable doubt; that he did not have to testify at his trial or incriminate himself; that he could choose to testify voluntarily, but that if he chose not to testify or put on any evidence those facts could not be used against him; that he had the right to counsel at every stage of the trial and the right to confront and cross-examine all witnesses who testified against him; and that he had the right to compel attendance of witnesses by subpoena and present evidence in his own behalf; that he had the right to appeal any guilty verdict; that he understood that by entering a plea of guilty, there would be no trial, that he would have waived his right to trial and the rights associated with trial; and that he had no questions about his trial rights or giving up his right to trial and that he did waive those rights.  (R107 at 6, 7).

Petitioner Pachinger also was first advised at his arraignment that his sentence, if convicted by jury or plea of guilty, would be determined under the U.S.Sentencing Guidelines in a *Notice of Estimated Sentencing Guideline Range* form.  (R12).  He acknowledged in his Plea Agreement (R79 at 3, 4) that his sentence was to be determined based upon U.S. Sentencing Guideline range.  Moreover, at his change of plea hearing, Petitioner Pachinger acknowledged that he had been informed that the Court would follow sentencing guidelines in determining his sentence; that he had talked with his attorney about the sentencing guidelines that might apply in his case; that he understood the consequences of his entering a guilty plea; and that he had no questions and nothing further to say about it.  (R107 at 17, 18).  In fact, Petitioner Pachinger advised the court  that he had no questions about anything the court had discussed; that he was not confused about anything; and that

6

he pled guilty of the charges against him because he was, in fact, guilty of those charges. (R107 at 19).

Petitioner's Ground One claim is vague, conclusory, contrary to the record, disingenuous, and should be denied.

Petitioner's **Ground Two** and **Three** claims are so similar that they must be considered together.  In **Ground Two,** Petitioner Pachinger contends:

> MOVANT WAS SENTENCED ON AUTHORITY OF AN UNCONSTITUTIONAL CONGRESSIONAL ENACTMENT WHICH DEPRIVED THE DISTRICT COURT OF JURISDICTION TO IMPOSE THE PENALTY AND RESULTED IN A DEPRIVATION OF MOVANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

In **Ground Three,** he contends:

> MOVANT'S SENTENCE IS VIOLATIVE OF THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA IN THAT MOVANT HAD A CONSTITUTIONALLY PROTECTED LIBERTY INTEREST IN RECEIVING ANOTHER SENTENCE.

Only by an examination of Petitioner's "Facts Supporting Ground Two" can it be determined what his claim actually is.  He explains that at the time of the sentence the district court was acting under 18 U.S.C. § 3553(b)(1) which provided mandatory application of the U.S.Sentencing Guidelines, and that on January 12, 2005, the Supreme Court in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), had decided that § 3553(b)(1) was unconstitutional. Therefore, according to Petitioner "the judgment issued in his case was tendered by the court having no personal jurisdiction to do so."  (R123 at 5(g)).

Petitioner Pachinger misstates the holding of *Booker*.   In *Booker,* the Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge to *increase* a defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant.  *Booker,* 543 U.S. at 244, 125 S.Ct. at 756.  To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984 – 18 U.S.C. § 3553(b)(1) . . . and 18 U.S.C. § 3742(e) . . . thereby rendering the guidelines "effectively advisory." *Id.,* at 245, 125 S.Ct. at 756-57. As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well." *Id.,* at 245-46, 125 S.Ct. at 757 (citing 18 U.S.C. § 3553(a)).  Additionally, we have held that "[a]fter *Booker,* sentencing requires two steps.  First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines.  Second, the district court must consider [the 18 U.S.C. § 3553(a)] factors to determine a reasonable sentence." *United States v. Talley,* 431 F.3d 784, 786 (11th Cir. 2005) (per curium).

The Eleventh Circuit's decision on Petitioner Pachinger's appeal found that the district court had considered only matters that had been admitted by the defendant. The Court held that the district court judge properly considered that the victim was a minor under the care, custody or supervision of the petitioner when Petitioner Pachinger admitted that the minor was staying with him in his motel room in the Stipulation of Facts contained in his Plea Agreement (R79); that he had admitted at his sentencing hearing that he had failed to appear for his original change-of-plea hearing (R108 at 6); and that Petitioner had also

stipulated in his Plea Agreement that the amount of illegal drugs involved in his case was more than 100 grams but less than 200 grams of cocaine (R79). The enhancements were proper.

Petitioner's Ground Two and Three should be denied as they present no issue that was not precluded by procedural bar, and/or Petitioner's Plea Agreement waiver of appeal (R79 at 4) where he agreed, "[This] agreement waives any right to a direct appeal or other review of defendant's sentence by the District Court or Court of Appeals" except for upward departures and claims of ineffective assistance of counsel.  The Court of Appeals came to the same conclusion in both of its appellate reviews of  Petitioner's claims here.  (R117 at 18 and R119 at 2 n.1.).

**Ground Four** of Petitioner's § 2255 Motion claims:

> MOVANT'S CONVICTION AND SENTENCE ARE THE RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MOVANT'S CONSTITUTIONALLY SECURED RIGHTS UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

Petitioner argues, "[B]ut for counsel's ineptness, in failing to advise Movant of the mandatory nature of the Sentencing Guidelines, and of the fact that the Government could not prove either count 3 or count 4 of the indictment because of lack of jurisdiction pre-requisites necessary to confer jurisdiction on the court, Movant would not have entered a plea of guilty to counts 2 and three of the indictment."  (R123 at 6(a), 6(b)).  Petitioner argues at page 6(c) of his Motion:

While Movant was being tried and sentenced, . . . *Booker,* and the cases that presaged it were in the pipeline (to make a determination of what constitutes the maximum penalty authorized for an offense of conviction under the Sentencing Guidelines). If Movant's counsel had presented the issues here being addressed, there is no infallible means to know how the Court may have ruled, but, the ineffective assistance of counsel of Movant's counsel did not permit the court the opportunity to address the claims. Had he done so, the Supreme Court result may have been favorable to Movant and *Booker's* reach to the penalty issues may have been widened.

Petitioner's argument here is simply that his counsel should have been clairvoyant and foreseen that there would ultimately be cases decided that might effect the Sentencing Guidelines. However, it has been shown heretofore that the Eleventh Circuit Court of Appeals found that the district court committed no *Booker* error, in that all enhancements made to Petitioner's sentence were the result of admissions made by Petitioner himself. Petitioner attempts to have this court address claims which have been procedurally barred or waived by his Plea Agreement/Waiver of Appeal. Petitioner Pachinger may not "circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance of counsel, thus rendering the waiver meaningless." *Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir. 2005).

To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). (1) Petitioner must show that his counsel's representation was deficient; and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged

10

*Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.* "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992). A court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland,* at 690.

Petitioner's gross speculation as to what might have happened if his counsel had been able to forecast the Supreme Court rulings, which had not at that time yet been made, does not show deficiency in counsel's performance, nor does it meet the prejudice prong of the *Strickland* test of ineffective assistance of counsel. Petitioner Pachinger cannot show that

the outcome of his case would have been different had his counsel performed differently, especially in view of the remand-review of his sentence under *Booker,* wherein the Eleventh Circuit Court of Appeals found that there had been no *Booker* error.

Finally, in his Supplement To Movant's § 2255 Motion, Petitioner Pachinger returns to his claim of a Fourth Amendment violation in the district court's denial of his Motion To Suppress. This issue was present to the Eleventh Circuit Court of Appeals on direct appeal. The Court found that the warrantless search of Pachinger's hotel room was justified as a search incident to exigent circumstances. (R117 at 2-8; R119 at 3). Now, however, Pachinger contends that, under the authority of *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed. 2d 227 (1969), a claim of unconstitutional search and seizure is cognizable in a § 2255 proceeding, despite the fact that an appellate court has already ruled adversely to him on the Fourth Amendment claim.

Moreover, the *Kaufman* position was abrogated shortly after it was issued in *Stone v. Wolff,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed. 2d 1067 (1976). The *Stone* Court held:

> Prior to this Court's decision in *Kaufman v. United States,* (cite omitted here), a substantial majority of the Federal Courts of Appeals had concluded that collateral review of search and seizure claims was inappropriate on motions filed by federal prisoners under 28 U.S.C. § 2255, the modern post conviction procedure available to federal prisoners in lieu of habeas corpus.

(*Id.* at 479, 96 S.Ct. at 3045).

> FN 16. The issue in *Kaufman* was the scope of § 2255. Our decision today rejects the dictum in *Kaufman* concerning the applicability of the exclusionary rule in federal habeas corpus review of state-court dicisions pursuant to § 2254. To the extent

12

the application of the exclusionary rule in *Kaufman* did not rely upon the supervisory role of this Court over the lower federal courts, (cites omitted), the rational for its application in that context is also rejected.

(*Id.* at 482, 96 S.Ct. at 3046). *See Sosa v. United States,* 550 F.2d 244, 249 (5th Cir. 1977).[1]

Petitioner's Fourth Amendment violation claim was reviewed and decided adversely to him by the Eleventh Circuit Court of Appeals (R117 at 2-8; R119 at 3), and is now the law of the case. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981)." *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000). Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255. *U. S. v. Natelli,* 553 F.2d 5 (2nd Cir. 1977).

While Petitioner Pachinger has made a demand for an evidentiary hearing, he has failed to establish a need for one. The foregoing analysis of Petitioner's claims demonstrates that he is not entitled to § 2255 relief and, therefore, no hearing is required. A petitioner is not entitled to an evidentiary hearing when the files and records make manifest the lack of merit of a Section 2255 claim. *United States v. Lagrone,* 727 F.2d 1037 (11th Cir. 1984). A hearing is not required when the allegations of fact supporting petitioner's claims are conclusory and not supported by the record, demonstrably without merit, that is "affirmatively contradicted" by the files and record, or wholly incredible. See, *Blackledge*

_____

[1]The Eleventh Circuit, sitting en banc in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*v. Allison,* 431 U. S. 63, 73-74 (1977); *United States v. Laetividal-Gonzalez,* 939 F.2d 1455, 1465 (11th Cir. 1991), *cert. denied,* 503 U.S. 912 (1992); *Humphrey v. United States,* 888 F.2d 1546 (11th Cir. 1989).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 be DENIED.      Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 22nd day of June 2006.


S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

14