IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH J. PACHINGER, | : | |
| | : | |
| Petitioner, | : | 7:06-CV-14 (CAR) |
| | : | Petition under 28 U.S.C. § 2255 |
| | : | |
| vs. | : | 7:02-CR-11 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## ORDER ON THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 143] that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 123] be denied. Petitioner filed a timely Objection to the Recommendation [Doc. 145]. Petitioner's Objection to the Recommendation contains two attachments: Attachment "A" is a copy of the Memorandum in Support of Petitioner's § 2255 Motion, and Attachment "B" is a copy of the Traverse to Government's Response to Petitioner's § 2255 Motion. Petitioner states four distinct objections to Magistrate Judge's Recommendation. This Court will address each one in turn.

Petitioner's first objection alleges that "The Court Committed Structural Error in Violation of the Constitution and Laws of the United States–Specifically Rule 11(b)(1)(I) When It Failed to Properly Determine and Ensure the Defendant Understood

the Mandatory Minimum Penalty Provided by Law." Specifically, Petitioner contends that he was never informed that the mandatory minimum penalty for violation of 18 U.S.C. § 2251(a) was a fine. Petitioner's contention is contrary to the record because paragraph (3)(B) of Petitioner's Plea Agreement, which Petitioner signed, clearly informed him of the fact that his plea of guilty to Count Three will subject him, at a minimum, to a fine, imprisonment, or both.

Petitioner next asserts that "The Plea Was Unknowing, Involuntary, and Lacked Basis." This claim was contained in Petitioner's Original Motion as his Ground One and was fully addressed by the United States Magistrate Judge in his Recommendation. The only nuance of this claim that was not addressed in the Recommendation is Petitioner's contention that his plea was coerced because his bond was not released to his family until after he pleaded guilty. Similar to the other contentions regarding the involuntariness of Petitioner's plea addressed by the United States Magistrate Judge, and for the same reasons, this Court finds that Petitioner's contention is without merit.

Petitioner also contends that the United States Magistrate Judge failed to consider his allegations of prosecutorial misconduct. Petitioner must be referring to the hearing on his Motion to Suppress. Petitioner reserved the right to appeal this Court's denial of that Motion and did so. The Eleventh Circuit Court of Appeals addressed and decided that issue adversely to Petitioner, finding that exigent circumstances existed in relation to the search of the juvenile's motel room. Because this matter has already been decided on direct appeal, this Court does not need to consider it on a § 2255 motion. See Buckelew v. United States, 575 F.2d 515, 518-519 (11th Cir. 1978).

Next, Petitioner claims that "Both Testimonial and Tangible Evidence Were Admitted Into Court in Violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the Federal Constitution of the United States." While this claim is vague, it seems that Petitioner is once again alleging that the testimony of the Government's witness CH was obtained in violation of CH's Fifth Amendment right. As the United States Magistrate Judge already pointed out, Petitioner has no standing to raise the Fifth Amendment right of another. Moreover, by entering a plea of guilty, Petitioner waived his right to appeal nonjurisdictional challenges to his conviction, such as this, that arose prior to his plea. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that "[b]y virtue of his knowing and voluntary guilty plea, [defendant] waived the right to appeal all other nonjurisdictional challenges to his conviction that arose prior to his plea.").

Lastly, Petitioner claims that his "Counsel Provided Ineffective Assistance." Here, Petitioner returns to his claim that his attorney did not advise him that the fine was the minimum statutory penalty for the Count Three offenses. As previously mentioned, this Court finds that Petitioner was aware that a fine was the minimum statutory penalty. In fact, during his change of plea hearing, Petitioner specifically acknowledged to this Court that he had talked with his attorney about the sentencing guidelines that might apply, and that he had no questions about his plea agreement.

To further support his ineffective assistance of counsel claim, Petitioner claims that his appellate attorney ignored his expressed wishes and failed to raise an unspecified probable cause issue. This Court finds no support for Petitioner's

contention anywhere in the record.

    Having considered all of Petitioner's arguments, including those not discussed in this Order, the briefs of the parties, the United States Magistrate Judge's Report and Recommendation, and Petitioner's Objections thereto, this Court agrees with the Recommendation.  Accordingly, the Recommendation that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 123] be denied is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

    **SO ORDERED**, this 17th day of November, 2006.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL
                                          UNITED STATES DISTRICT JUDGE

EHE/ssh