IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA,

v.

KENNETH JOHN PACHINGER,

Respondent.

Case No. 7:02-CR-11 (HL)

ORDER

Before the Court are several motions filed by Petitioner including: (1) Petitioner's Motion to Modify Conditions of Supervised Release (Doc. 188); (2) Petitioner's Motion for Liberal Construction and Appointment of Counsel (Doc. 194); (3) Petitioner's Motion for Writ of *Audita Querela* (Doc. 197); and (4) Petitioner's Motion for Clarification of Supervised Release Conditions (Doc. 205). These Motions are discussed below in turn.

I. **BACKGROUND**

In 2003, Kenneth John Pachinger plead guilty to distribution of cocaine, heroin, and marijuana to a person under the age of 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1), 859(a), and sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and was sentenced to 145 months in prison. Pachinger directly appealed the judgment (Doc. 103), which was affirmed by the Eleventh Circuit in 2005 (Doc. 117), and he has also appealed his judgment via a § 2255

Motion to Vacate (Doc. 123). In his § 2255 motion, Pachinger claimed that his sentence should be vacated for four reasons: (1) his conviction violated the Fifth and Sixth Amendments because he had not offered his guilty plea knowingly, intelligently, and voluntarily; (2) his conviction was based on an unconstitutional congressional enactment and the district court did not have proper jurisdiction to impose a sentence; (3) he had a liberty interest in receiving another sentence; and (4) he received ineffective assistance of counsel. On June 22, 2006, Magistrate Judge G. Mallon Faircloth wrote a Report and Recommendation recommending that Pachinger's § 2255 Motion to Vacate be denied (Doc. 143), and on November 17, 2006, District Court Judge Ashley Royal adopted the recommendation (Doc. 147). The district court and Eleventh Circuit both denied a certificate of appealability on December 1, 2006 and April 19, 2007, respectively. Petitioner anticipates that he will be released from prison on July 16, 2013 (Doc. 205, p. 2).

II. **MOTION TO MODIFY TERM OF SUPERVISED RELEASE** (Doc. 188)

Petitioner's Motion asks the Court to modify the terms of Petitioner's supervised release. The modification that Petitioner seeks seemingly eliminates the need for Petitioner to remain on supervised release so long as he leaves the country and does not re-enter. The Motion does not contain any legal support or argument.

The Court finds this Motion to be meritless, and the Motion is denied. Petitioner will not be absolved of his responsibility to serve time on supervised release by leaving the country.

### III. MOTION FOR WRIT OF *AUDITA QUERELA* (Doc. 197)

In this Motion for Writ of *Audita Querela*, Petitioner asks that the Court vacate his guilty plea and conviction because he alleges that his attorney did not properly warn him that he would be forced to register as a sex offender upon release from prison. Petitioner contends that his attorney failed to ensure that he knew about the registration requirement, and that this failure, along with the Court's failure to provide notice of this requirement, amounts to a violation of his rights. Petitioner also submitted an addendum to his Motion for Writ of *Audita Querela* (Doc. 207). In this document, a form used by *pro se* litigants to file § 2255 motions, Petitioner states that he has suffered an alleged constitutional violation which he believes justifies the relief he seeks. He contends that the ground upon which he seeks relief is "unknowing and involuntary plea due to ineffective assistance of counsel for misinforming me that registration as a sex offender was not a consequence of my guilty plea." (Doc. 207, p. 4.)

*Audita querela*, Latin for "the complaint having been heard," was an ancient writ used to attack the enforcement of a judgment after it was rendered. U.S. v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). The writ was largely abolished by the Federal Rules of Civil Procedure. Id. However, the Eleventh Circuit has recognized that federal courts may "properly fill the interstices of the

federal post-conviction remedial framework through remedies available at common law." Id. at 1175 (citing United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990).

Common law remedies are only available to petitioners when they are able to show that the relief they seek is not available through other means. Id. Thus, "a writ of *audita querela* may not be granted when relief is cognizable under § 2255, regardless of whether a § 2255 motion would have succeeded." United States v. Searcy, 448 Fed. Appx. 984, 985 (11th Cir. 2011).

In this case, the relief Petitioner seeks is available through § 2255 and, in fact, has already been sought by Petitioner in a § 2255 motion. Petitioner claims that he was not effectively represented by counsel, a claim which has already been resolved by this Court (*see* Doc. 195). His Motion and the addendum he submitted reveal no new claims, but simply restate claims that have already been resolved in Petitioner's § 2255 Motion. Because the relief sought by Petitioner was available through a § 2255 Motion, a writ of *audita querela* is not available to Petitioner. Thus, the Motion is denied.

    IV.   **MOTION FOR LIBERAL CONSTRUCTION AND APPOINTMENT OF COUNSEL** (Doc. 194)

In his Motion, Petitioner asks the Court to liberally construe his Rule 60(b) motion, which was filed on September 1, 2011 (Doc. 191). He asks that his 60(b) motion be construed as a writ of *audita querela* should the Court find that 60(b) is an inappropriate vehicle for relief. This Motion is moot since the Court has ruled

4

on both the 60(b) motion (*see* Doc. 195) and the motion for writ of *audita querela* (*see* above). Both the 60(b) motion and the *audita querela* have been found to be improper vehicles for relief for Petitioner. Thus, his request for liberal construction is moot.

As to Petitioner's request for the appointment of an attorney, the request is denied. "A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). It is within the court's discretion to appoint counsel for civil plaintiffs unable to retain an attorney on their own, but appointment is appropriate "only in exceptional circumstances." Id. These exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). In this case, there are no pending motions and there appears no need for Petitioner to be appointed legal counsel. For these reasons, the Motion for Liberal Construction and the Appointment of Counsel is denied.

V. **MOTION FOR CLARIFICATION OF TERMS OF SUPERVISED RELEASE** (Doc. 205)

In this Motion, Petitioner asks the Court to clarify his terms of supervised release. Specifically, Petitioner asks the Court to clarify to which specific conditions he is subject as a result of his conviction. Petitioner claims that he was misinformed about the requirement to register as a sex offender. He states that

unless he hears differently, he will assume that he is not required to register as a sex offender.

The Court is unable to grant the relief that Petitioner seeks. The exact terms of the sex offender registry requirement vary by state. Thus, the specific requirements that will be imposed upon Petitioner after his release from prison cannot be known until Petitioner reports to his assigned parole officer. Petitioner seeks to clarify the terms of his supervised release, but because the precise terms of his supervised release are not yet known, no clarification can be granted at this time. The United States Probation Office will make the terms of Petitioner's supervised release clear to Petitioner at the appropriate time.

**SO ORDERED**, this 11th day of February, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr