IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KENNETH JOHN PACHINGER, | : | |
| Petitioner, | : | |
| | : | **7 : 02-CR-11-001 (HL)** |
| VS. | : | |
| | : | 28 U.S.C. ▪ 2255:  7 : 13-CV-90162 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

# RECOMMENDATION

Petitioner=s Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. ▪ 2255, filed on February 19, 2013, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 211).

The Petitioner was indicted in this Court on July 24, 2002, on charges of possession with intent to distribute cocaine, possession with intent to distribute cocaine, heroin, and marijuana to a person under 21 years of age, engagement of sexually explicit conduct with a person under the age of 18, and transportation in interstate commerce of a videotape which depicts a minor engaging in sexually explicit conduct.  *U.S. v. Pachinger*, Criminal Action No. 7 : 02-CR-11-001 (HL).   On September 17, 2003, the Petitioner entered into a Plea Agreement with the government, and pled guilty to possession with intent to distribute to a person under 21, and engagement of sexually explicit conduct with a person under the age of 18.   (Doc. 80).   Petitioner was sentenced on February 5, 2004 to 145 months imprisonment followed by six (6) years of Supervised Release. (Docs. 98, 101).

Petitioner's convictions and sentence were affirmed on appeal. (Doc. 117). Petitioner's first Motion to Vacate under 28 U.S.C. § 2255 was filed on February 8, 2006, and was denied by Order dated November 17, 2006. (Docs. 123, 147). Petitioner's subsequently filed Motions, including Petitioner's Motion for Relief from Judgment (Doc. 191) and Motion for Writ of Audita Querela (Doc. 197), were also denied. (Docs. 173, 179, 195, 204, 209). The Petitioner filed the presently pending Motion to Vacate on February 19, 2013, wherein he raises a claim of ineffective assistance of counsel and a due process violation. (Doc. 211).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a § 2255 proceeding must file an application with the appropriate Court of Appeals for an order authorizing the District Court to consider a second or successive § 2255 motion.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255." Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court. Without authorization from the Court of Appeals, the District Court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089

(11th Cir. 1997).

Petitioner's presently pending Motion to Vacate challenges the substance of Petitioner's conviction and sentence, as he argues that he did not receive effective counsel and the court did not properly inform him of his rights, when he entered his guilty pleas. (Doc. 211). Petitioner maintains he would not have pled guilty had he been informed that he would have to comply with state sex offender registration requirements. (*Id.* at p. 8). In this regard, Petitioner is challenging the original conviction, and his presently pending § 2255 motion represents a second or successive challenge to his original criminal conviction. A § 2255 petition will be regarded as a "second" petition to the extent that it challenges a defendant's original conviction and sentence. *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000).

Therefore, as this § 2255 motion represents at least a second challenge to Petitioner's underlying conviction and is not a challenge to any new Judgment regarding Petitioner's conviction or sentence, it is considered successive. *See United States v. George*, 188 Fed.Appx. 926 (11th Cir. 2006). As the Petitioner has failed to obtain proper authorization for filing this successive petition, this Court is without authority to entertain this second or successive challenge to Petitioner's conviction and sentence. Accordingly, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**. *United States v. Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the proper remedy is to dismiss the claims raised in the motion).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 19th day of March, 2013.

                                        s/ **THOMAS Q. LANGSTAFF**
                                        UNITED STATES MAGISTRATE JUDGE