# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Case No. 7:02-CR-11 (HL) |
| **KENNETH JOHN PACHINGER,** | |
| Respondent. | |

## ORDER

On April 9, 2013, the Eleventh Circuit remanded Petitioner Kenneth John Pachinger's appeal of this Court's Order denying several motions filed by Petitioner (Doc. 209). In the opinion remanding the case, the Eleventh Circuit ordered this Court to make a determination about whether Petitioner's appeal warrants a certificate of appealability ("COA"). The Court finds that a COA is not warranted in this case for the reasons set out below.

### I. BACKGROUND

On February 11, 2013, the Court entered an Order denying Petitioner's Motion to Modify Conditions of Supervised Release, Motion for Liberal Construction, Motion for Writ of *Audita Querela*, and Motion for Clarification of Supervised Release Conditions. (Doc. 209.) Petitioner's motions were, in essence, seeking similar relief. Petitioner claims that he was unaware of the requirement that he register as a sex offender upon release from prison, and he

has stated that, had he known about this requirement, he would not have pled guilty. The four motions listed above were attempts by Petitioner to avoid the sex offender registration requirement. The Motion to Modify Conditions of Supervised Release suggested that Petitioner would leave the country if he could avoid probation. The Motion for Writ and the Motion for Liberal Construction both relate to Petitioner's efforts to attack the judgment entered against him and the related probation requirements through Rule 60(b) and the writ of *audita querela*. The Motion for Clarification asked the Court to dictate the terms of Petitioner's sex offender registration requirement.

The Court denied each of these motions for reasons set out more fully in that Order (Doc. 209). Petitioner appealed the Court's order, arguing that the Court "misconstrue[ed] his motion and addendum as one only under *audita querela* and not as titled under § 2255" and for "failing to confirm whether it is a mandatory condition of Defendant's supervised release that he register as a sex offender." (Doc. 210.) The question of whether these issues warrant a certificate of appealability is examined below.

II. **ANALYSIS**

A prisoner has no absolute entitlement to appeal a district court's denial of his application for habeas corpus relief. 28 U.S.C. § 2253(c)(1). Under § 2253, a certificate of appealability is issued only if a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). To make this showing, a

petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S. Ct. 2562 (2004), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003).

In this case, the issues that Petitioner wishes to raise on appeal are not sufficiently substantial to justify the issuance of a certificate of appeal. Petitioner objects to the Court's alleged failure to interpret his Motion for *Audita Querela* as a § 2255 motion. However, Petitioner already filed one § 2255 motion in 2006 (Doc. 123) and has since filed a second § 2255 motion that has not yet been ruled upon by this Court (Doc. 211). No constitutional violation has occurred based on the failure to interpret his motions as a § 2255, especially when Petitioner has already filed one § 2255 and has a second § 2255 motion currently pending.

Petitioner also objects to the Court's decision to refer the question of clarification about the sex offender registration requirement to the United States Probation Office. Petitioner claims that the Court's decision violates Federal Rule of Criminal Procedure 32.1(c). Under Rule 32.1(c)(1), a hearing is required before conditions of probation or supervised release can be modified. However, under 32.1(c)(2), a hearing is not required if the relief sought is favorable to the person and does not extend the term of probation or supervised release. Thus, if Petitioner is eligible for favorable relief, no hearing will be required. The Court

3

finds no constitutional right to be violated by its decision to refer Petitioner's request for clarification to the Probation Office. Petitioner is not entitled to a hearing on this issue at this time.

Based on the issues Petitioner has articulated for appeal, the Court finds that there is no violation of a constitutional right that justifies a certificate of appealability. Thus, the COA is denied.

**SO ORDERED**, this 18th day of April, 2013.

                                                ***s/ Hugh Lawson***
                                                HUGH LAWSON, SENIOR JUDGE

ebr